RCC

**FILED**

**FEBRUARY 29, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**08 C 1231**

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | Judge |
| CLEANIQUE SERVICES, INC., an involuntarily dissolved Illinois corporation, and KENNETH WILSON, individually, | ) ) ) ) | |
| Defendants. | ) | |

**JUDGE HART**
**MAGISTRATE JUDGE NOLAN**

<u>**COMPLAINT**</u>

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N. Carollo and Charles Ingrassia for their Complaint against Defendants Cleanique Services, Inc., an involuntarily dissolved Illinois corporation, and Kenneth Wilson, individually, state:

**COUNT I**

**(Failure To Submit Reports and Pay Employee Benefit Contributions):**

1.     Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act

("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, 28 U.S.C. § 1367,

and federal common law.

2.     Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.     The Funds are multiemployer benefit plans within the meanings of

Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established

and maintained pursuant to their respective Agreements and Declarations of Trust in

accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds

have offices and conduct business within this District.

4.     Plaintiff Jorgensen is the Administrator of the Funds, and has been duly

authorized by the Funds' Trustees to act on behalf of the Funds in the collection of

employer contributions owed to the Funds and to the Construction and General District

Council of Chicago and Vicinity Training Fund, and with respect to the collection by the

Funds of amounts which have been or are required to be withheld from the wages of

employees in payment of Union dues for transmittal to the Construction and General

Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such

matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of

ERISA, 29 U.S.C. §1002(21)(A).

5.     Defendant Cleanique Services, Inc., (hereinafter "Cleanique" or the

"Company") is an involuntarily dissolved Illinois corporation.  The date of involuntary

dissolution was on or about March 1, 1999.  At all times relevant herein, Cleanique did

business within this District and was at all times relevant herein an employer within the

meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the

LMRA, 29 U.S.C. §185(c).

6.    Defendant Kenneth Wilson ("Wilson") is the President of the Company,

was the President of the Company at the time of involuntary dissolution and prior to the

involuntary dissolution, and is joint and severally liable for all debts and liabilities of the

Company to the Funds incurred in carrying on the Company's business after the

involuntary dissolution.  805 ILCS 5/1 et seq.

7.    The Union is a labor organization within the meaning of 29 U.S.C.

§185(a).  The Union and the Company are parties to a collective bargaining agreement

which became effective June 1, 2006 ("Agreement"). (A copy of the "short form"

Agreement entered into between the Union and the Company which Agreement adopts

and incorporates Master Agreements between the Union and various employer

associations, and also binds the Company to the Funds' respective Agreements and

Declarations of Trust, is attached hereto as **Exhibit A**.)

8.    The Funds have been duly authorized by the Construction and General

Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"),

the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland

Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation

and Education Trust ("LECET"), the Builders' Association ("BAC"), the

CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"),

the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District

Council Labor Management Committee Cooperative ("LDCLMCC"), the CARCO

Industry Advancement Fund ("CARCO"), the Chicago Area Independent Contractors

Association ("CAICA"), and the Illinois Small Pavers' Association ("ISPA") to act as an agent in the collection of contributions due to those Funds.

9.     The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

10.    The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11.    The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

12.    Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)     failed to submit benefit reports and contributions to the Welfare Fund for the period of December 2007 forward, thereby depriving the Fund of information and income necessary to administer the Fund;

(b)     failed to submit benefit reports and contributions to the Pension Fund for the period of December 2007 forward, thereby depriving the Fund of information and income necessary to administer the Fund;

(c)     failed to submit benefit reports and contributions to the Training Fund for the period of December 2007 forward, thereby depriving the Fund of information and income necessary to administer the Fund;

(d)     failed to submit benefit reports and contributions to the one or more of the related funds set forth above in paragraph 8 for the period of December 2007 forward, thereby depriving those funds of information and income necessary to administer the funds; and

(e)     failed to obtain and maintain a surety bond.

13.     The Company's failure to submit contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA.  29 U.S.C. §185.

14.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, 805 ILCS 5/1 et. seq., and the terms of the Agreement and the Funds' respective Trust Agreements, the Company and Wilson are liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants Cleanique Services, Inc., and Kenneth Wilson, individually:

a.     to submit their books and records to an audit for the period of January 1, 2007 forward;

b        ordering the Company and Wilson to submit benefit reports and

contributions for the period of December 2007 forward;

c.        entering judgment in sum certain against the Company and Wilson on the

amounts due and owing pursuant to the reports to be submitted and the audit, if any,

including contributions, interest, liquidated damages, accumulated liquidated damages

and interest on late reports, audit costs, and attorneys' fees and costs;

d.        ordering the Company and Wilson to obtain and maintain a bond; and

e.        awarding Plaintiffs any further legal and equitable relief as the Court

deems appropriate.

## COUNT II

### (Failure to Pay Union Dues and Liquidated Damages)

15.        Plaintiffs reallege paragraphs 1 through 14 of Count I.

16.        Pursuant to agreement, the Funds have been duly designated to serve as

collection agents for the Union in that the Funds have been given the authority to collect

from employers union dues which have been or should have been deducted from the

wages of covered employees.

17.        Notwithstanding the obligations imposed by the Agreement, the Company

has failed to submit reports and union dues that were or should have been withheld from

the wages of its employees performing covered work for the periods of December 2007

forward, thereby depriving the Union of income and information necessary to determine

dues submission compliance.

18.        Pursuant to the terms of the Agreement, dues which are not submitted in a

timely fashion are assessed 10 percent liquidated damages.

19.     Pursuant to the Agreement and 805 ILCS 5/1 et seq., the Company and Wilson are liable to the Funds for the unpaid union dues, liquidated damages, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants Cleanique Services, Inc., and Kenneth Wilson, individually, ordering them to submit current dues reports and dues, submit their books and records to the Funds for an audit for the period of January 1, 2007 forward, ordering them to pay any union dues revealed as due and owing on the delinquent reports and audit together with all late fees, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

February 29, 2008

Respectfully submitted,

Laborers' Pension Fund, et al.

By: _____
Charles Ingrassia

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540

Fax from : 17085477255                    LABORES FIELD DEPT



# CONSTRUCTION & GENERAL LABORERS'
## DISTRICT COUNCIL OF CHICAGO AND VICINITY
AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO

101 BURR RIDGE PARKWAY • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8453

### INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **Cleanique Services** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America, AFL-CIO ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092, together with any other Local Unions that may come within the Union's jurisdiction ("Local Union"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. Recognition. [body text]

2. Labor Contract. [body text]

3. Dues Checkoff. [body text]

4. Work Jurisdiction. [body text]

5. Fringe Benefits. [body text]

6. Wages and Industry Funds. [body text]

7. Contract Enforcement. [body text]

8. Successors. [body text]

9. Termination. [body text]

10. Execution. [body text]

Dated: **4 - 1 -** , 20**06**

ACCEPTED:
Laborers' Local Union No. **4**

By: **Paul R. Connelly**

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: **Frank Riley** **31540**
Frank Riley, President & Secretary-Treas.

By: **JB**

For Office Use Only: **BAC***

**Cleanique Services** (Employer)

FEIN No. **36-3903371**

By: **Kenneth Wilson** President
(Print Name and Title)

**Kenneth Wilson**
(Signature)

**2018 N. Newcastle**
(Address)

**Chicago, Illinois 60707**
(City, State, and Zip Code)

**773/622-2835**
(Telephone/Telefax)

**EXHIBIT A**

WHITE - LOCAL UNION   •   CANARY - TRUST FUND   •   PINK - DISTRICT COUNCIL   •   GOLD - EMPLOYER